# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 96-3557

_____

Sam L. Beavers,                                    *
                                                   *
            Appellant,                             *
                                                   *
      v.                                           *
                                                   *
Arkansas State Board of Dental                     *
Examiners; Judith A. Safly,                        *
Director, Individually and in her                  *
Official Capacity; J. Walker Loyd,                 *
President, Individually and in his                 *
Official Capacity; Robert H. Burch,                *
Member of the Arkansas Board of                    *
Dental Examiners, Individually and                 *
in his Official Capacity; J. David                 *
Alford, Member of the Arkansas                     *    Appeal from the United States
Board of  Dental Examiners,                        *    District Court for the
Individually and in his Official                   *    Eastern District of Arkansas
Capacity; R. Lester Barrett,                       *
Member of the Arkansas Board of                    *
Dental Examiners, Individually and                 *
in his Official Capacity; Cindy A.                 *
Johnson, Member of the Arkansas                    *
Board of Dental Examiners,                         *
Individually and in her Official                   *
Capacity; H. Fletcher Sullards,                    *
Member of the Arkansas Board of                    *
Dental Examiners, Individually and                 *
in his Official Capacity; James A.                 *
Burgess, Jr., Member of the Arkansas               *

Board of Dental Examiners, Individually    *
and in his Official Capacity; David E.      *
Walker, Member of the Arkansas Board  *
of Dental Examiners, Individually and     *
in his Official Capacity; Connie E. Cox,  *
Member of the Arkansas Board of           *
Dental Examiners, Individually and        *
in her Official Capacity,                         *
                                                          *
            Appellees.                              *

_____

Submitted:    November 20, 1997

Filed:    August 6, 1998

_____

Before    RICHARD S. ARNOLD,[1] Chief Judge,  McMILLIAN, Circuit Judge, and
            STEVENS,[2]  District Judge.

_____

McMILLIAN, Circuit Judge.


        Sam L. Beavers appeals from a final order entered in the United States District
Court[3] for the Eastern District of Arkansas abstaining from exercising jurisdiction over

---

[1]The Honorable Pasco M. Bowman succeeded the Honorable Richard S. Arnold as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on April 17, 1998.

[2]The Honorable Joseph E. Stevens, Jr., United States District Judge for the Western District of Missouri, sitting by designation.

[3]The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

his claims under the First and Fourteenth Amendments and 42 U.S.C. § 1983 against the Arkansas State Board of Dental Examiners and its nine constituent members (collectively, the "Board"). Beavers v. Arkansas State Bd. of Dental Exam'rs, No. LR-C-95-162 (E.D. Ark. Sept. 12, 1996) ("slip op.") (citing Railroad Comm'n v. Pullman Co., 312 U.S. 496 (1941) (Pullman)). The district court had proper jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Beavers timely filed a notice of appeal under Rule 4(a) of the Federal Rules of Appellate Procedure which invoked this court's jurisdiction under 28 U.S.C. § 1291.

For reversal, Beavers contends that the district court erred in applying the Pullman abstention doctrine because the challenged state regulations are (1) clear and unambiguous and (2) not subject to an interpretation that would obviate the federal constitutional question. For the reasons discussed below, we affirm the order of the district court.

The following material facts are undisputed on appeal. Beavers practices dentistry in Little Rock, Arkansas, and wishes to advertise in Arkansas in order to promote his practice. The Board is an agency created by the Arkansas State Legislature pursuant to Ark. Code Ann. § 17-82-201. The Board possesses statutory authority to regulate dental advertising under Ark. Code Ann. § 17-82-208(a) and is charged with the task of preventing advertising that is "fraudulent or misleading." See id. § 17-82-106. To this end, the Board has promulgated a series of rules and regulations regarding the advertisement of dental services, the naming of dental facilities, and the announcement of specializations. See generally Dental Practice Act (Rules and Regulations) (the "Act"), Articles V-VII.[4] Beavers brought the instant

---

[4]The rules and regulations of the Arkansas Board of Dental Examiners must be properly noticed and filed with the Secretary of State, the Arkansas State Library, and the Bureau of Legislative Research pursuant to the Arkansas Administrative Procedure Act, Ark. Code Ann. § 25-15-204(a)–(d)(1) (1997). If the rules and regulations that Beavers challenges were not properly noticed and filed, they are not enforceable under

federal suit contending that some of these rules and regulations violate his constitutional rights under the First and Fourteenth Amendments. Beavers challenges Articles V, VI, and VII of the Act as facially overbroad on the ground that, taken as a whole, they restrict advertising that is not fraudulent or misleading. Complaint ¶ 16.

For example, with respect to Article V, Beavers challenges subparts C.1 & E, which require dentists to include the words "general practice" or "general dentistry,"[5] separate and apart from the name of the dentist, in all advertisements announcing general dental services; subparts C.1– .2, which restrict the announcement of general dentistry or specialty services to typeface that is less bold and smaller in size than the smallest lettering in the statement "general dentist"; and subpart E, which restricts the specialty services that may be advertised to those recognized by the American Dental Association. See id. ¶¶ 11–13, 15. With respect to Article VI, Beavers challenges subpart A, which requires dentists to use their surnames in all advertisements and correspondence and as part of any fictitious name approved by the Board. Brief of Appellant at 7. In addition, Beavers challenges Ark. Code Ann. § 4-29-405 to the extent that it requires that the corporate name of a dental practice contain the names of one or more shareholders and Ark. Code Ann. § 17-82-305(c) & (e) to the extent that they prohibit licensed dentists from announcing or advertising specialty services other than those recognized by the American Dental Association. Amended Complaint ¶ 1.[6] Beavers also lodges an apparent Fourteenth Amendment claim against the Board on the ground that "other professions, such as attorneys, are allowed to, and do, advertise services without advertising that they are generalists." Complaint ¶ 14.

_____

Arkansas law. See id. § 25-15-203(b).

[5]The word "family" may be substituted for the word "general." Dental Practice Act (Rules and Regulations), Article V, E.

[6]Beavers's amended complaint, which the district court granted leave to file on April 8, 1996, appears to supplement rather than replace his original complaint.

As an agency of the State, the Board is subject to the Arkansas Administrative Procedure Act (the AAPA) as codified in Ark. Code Ann. § 25-15-202 et seq. The AAPA permits persons who allege injury or threat of injury to their person, business, or property, by any rule or its threatened application, to seek declaratory judgment of the validity or applicability of that rule in the circuit courts of Arkansas. Ark. Code Ann. § 25-15-207. The Board has not taken any action against Beavers. Nor is there a pending state court action in this case.

Relying on the Pullman abstention doctrine, the district court held that abstention was proper on the ground that Arkansas state courts could rule on state statutory grounds and avoid the First Amendment question entirely. Slip op. at 4-5. The district court reasoned that a state court ruling that the Board's regulations are "onerous and excessive" obviates any federal constitutional question. Id. at 4. We agree.

Beavers argues that Pullman abstention is inappropriate because the Board necessarily violated the First Amendment if it exceeded its statutory authority in regulating commercial speech. In other words, Beavers contends that a finding that the regulations are "onerous and excessive" is tantamount to a finding that they violate the First Amendment, and thus the federal constitutional question cannot be avoided. Beavers further contends that the Board's statutory authority to prohibit "fraudulent and misleading" dental advertising mirrors the constitutional standard of scrutiny applied to limitations on commercial speech. See, e.g., Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n, 447 U.S. 557, 563-64 (1980); Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc., 425 U.S. 748, 771 & n. 24 (1976).

The Board argues that the district court did not abuse its discretion in abstaining because "[a]bstention by Federal Courts is very appropriate when there are difficult questions of state law bearing on policy problems of substantial public import." Brief for Appellee at 10 (citing Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S.

25 (1959)). In addition, the Board points out that there are state remedies available to Beavers under the AAPA.

We review the district court's decision to abstain for an abuse of discretion. <u>See, e.g.</u>, <u>National City Lines, Inc. v. LLC Corp.</u>, 687 F.2d 1122, 1126 (8th Cir. 1982) (citing <u>Harman v. Forssenius</u>, 380 U.S. 528, 537 (1965) (applying abuse of discretion standard to <u>Pullman</u> abstention decision)). "The underlying legal questions, however, are subject to plenary review." <u>Sheerbonnet, Ltd. v. American Express Bank Ltd.</u>, 17 F.3d 46, 48 (2d Cir. 1994); <u>accord</u> <u>Grode v. Mutual Fire, Marine & Inland Ins. Co.</u>, 8 F.3d 953, 957 (3d Cir. 1993).

As a general rule, federal courts have a "virtually unflagging obligation" to exercise their jurisdiction in proper cases. <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 817 (1976). This obligation notwithstanding, federal courts may abstain from deciding an issue in order to preserve "traditional principles of equity, comity, and federalism." <u>Alleghany Corp. v. McCartney</u>, 896 F.2d 1138, 1142 (8th Cir. 1990). The <u>Pullman</u> abstention doctrine is one of several limited doctrines that permit district courts to preserve such principles.[7]

<u>Pullman</u> abstention requires consideration of (1) the effect abstention would have on the rights to be protected by considering the nature of both the right and necessary remedy; (2) available state remedies; (3) whether the challenged state law is unclear; (4) whether the challenged state law is fairly susceptible to an interpretation that would avoid any federal constitutional question; and (5) whether abstention will avoid

---

[7]<u>See, e.g.</u>, <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800 (1976) (to avoid duplicative litigation); <u>Younger v. Harris</u>, 401 U.S. 37 (1971) (to avoid intrusion on state enforcement of state laws in state courts); <u>Burford v. Sun Oil Co.</u>, 319 U.S. 315(1943) (to avoid needless conflict in the administration of state affairs).

unnecessary federal interference in state operations.[8]  George v. Parratt, 602 F.2d 818, 820-22 (8th Cir. 1979) (George).  In Lake Carriers' Association v. MacMullan, 406 U.S. 498, 510-11 (1972), the Supreme Court defined the proper context for Pullman abstention:

> The paradigm case for abstention arises when the challenged state statute is susceptible of "a construction by the state courts that would avoid or modify the [federal] constitutional question." . . . More fully, we have explained: "Where resolution of the federal constitutional question is dependent upon, or may be materially altered by, the determination of an uncertain issue of state law, abstention may be proper in order to avoid unnecessary friction in federal-state relations, interference with important state functions, tentative decisions on questions of state law, and premature constitutional adjudication. . . .  The doctrine . . . contemplates that deference to state court adjudication only be made where the issue of state law is uncertain."  Harman v. Forssenius, 380 U.S. 528, 534 (1965).

Id. (other citations omitted).

In light of these factors, the district court correctly determined that this case is fairly subject to a determination by the Arkansas courts that the Board exceeded its authority under Ark. Code Ann. § 17-82-106, thereby obviating federal constitutional inquiry.  Moreover, as the district court further noted, the AAPA expressly permits challenges to state rules and regulations in the circuit courts of Arkansas.  Slip op. at 4.  Beavers, therefore, has an adequate state remedy available to him.  Furthermore, while Pullman abstention has generally been disfavored in the context of First Amendment claims where state statutes have been facially challenged under the federal constitution, see, e.g., City of Houston v. Hill, 482 U.S. 451, 467 (1987); Dombrowski

---

[8]This factor incorporates two distinct considerations: (1) whether there is a pending state action that will be disrupted, and (2) whether federal intervention would interfere with state procedures and policies in areas of special state interest.  George v. Parratt, 602 F.2d 818, 822 (8th Cir. 1979).

v. Pfister, 380 U.S. 479, 489-90 (1965); George, 602 F.2d at 820, Pullman abstention has nonetheless been upheld in some cases in the interest of comity and federalism. See, e.g., Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 307-12 (1979); Harrison v. NAACP, 360 U.S. 167, 176-78 (1959).

In light of the foregoing, we hold that the district court did not abuse its discretion in abstaining from exercising jurisdiction over Beavers's claims under the Pullman abstention doctrine. Accordingly, we affirm the order of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.